IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Demaine Diwan Benjamin | Crim. No. 4:07-cr-01427-TLW-1<br><br>**Order** |

      Before the Court is Defendant Demaine Diwan Benjamin's motion for reconsideration of the Court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which was brought about by Amendment 782 to the sentencing guidelines. The Court's order, ECF No. 476, denied his motion for a sentence reduction because he was sentenced to 210 months incarceration pursuant to a Rule 11(c)(1)(C) agreement to a sentence between 188 and 235 months. The Court has carefully reviewed the motion for reconsideration and concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order.

      A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

      Section 3582(c)(2) allows a court to reduce a defendant's sentence only when the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." That is not the case here because, even putting aside the Rule 11(c)(1)(C) agreement, Defendant's revised guideline range is 292 to 365 months, which is more than his current sentence of 210 months. Accordingly, the Court concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order. His motion for

1

reconsideration, ECF No. 480, is therefore **DENIED**.

    **IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 3, 2017
Columbia, South Carolina