IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:07-cr-01427-TLW-1 |
|---|---|
| v. | **Order** |
| Demaine Diwan Benjamin | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. His statutory sentencing range was 10 years to Life, followed by at least 5 years of supervised release. PSR ¶¶ 134, 139. His Guidelines range at sentencing was 360 months to Life (42/I), followed by 5 years of supervised release. PSR ¶¶ 135, 142. The plea agreement contained a Rule 11(c)(1)(C) agreement to a sentence within the range of 188–235 months. ECF No. 246 at 3. The Court accepted the stipulation and imposed a 210-month term of imprisonment, followed by a 5-year term of supervised release. ECF No. 284.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense

1

was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

The Government argues that he is not eligible for relief because the crack weight for which he was held accountable at sentencing—3.99 kilograms—exceeds the current § 841(b)(1)(A)(iii) threshold of 280 grams. ECF No. 513 at 6 n.1. The Fourth Circuit has recently considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B). The fact that he was ultimately sentenced pursuant to a Rule 11(c)(1)(C) agreement is not relevant to the eligibility question, as *Wirsing* makes clear that eligibility depends solely on the offense of conviction. *See id.* ("[A]ny inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C.

§ 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." (citations omitted)).

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The Government opposes a sentence reduction for numerous reasons, including that the Rule 11(c)(1)(C) range of 188–235 months is still below his post-First Step Act Guidelines range of 292–365 months. ECF No. 513 at 6. Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (3.99 kilograms) that would have supported a charge to the current threshold amount (280 grams);[1] (2) his Rule 11(c)(1)(C) sentencing range is below his post-First Step Act Guidelines range; (3) he

---

[1] He was also held accountable for 5.9 kilograms of cocaine. PSR ¶ 84.

received a firearm enhancement; (4) he received a two-level role adjustment; (5) he received an obstruction adjustment and lost credit for acceptance of responsibility for threatening several witnesses; and (6) the Government notes in its brief that the PSR states that he threatened another drug dealer with a firearm, pistol-whipped an individual, and shot at two individuals during a drug deal that went bad. For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 510, is therefore **DENIED**.

    **IT IS SO ORDERED.**

                                        *s/ Terry L. Wooten*
                                        Terry L. Wooten
                                        Senior United States District Judge

January 8, 2020
Columbia, South Carolina